NEWMAN, Circuit Judge,
dissenting.
This case reaches us with an odd and confused record. Mr. Kalos, proceeding pro se in the Court of Federal Claims and in this court, alleged by complaint that the United States, acting through the Bureau of Prisons, received full payment on the performance bond from the surety, Greenwich Insurance Co. The government appears to agree, for it states that it has no claim against Kalos or his company, Brick-wood Contractors Inc. Yet Kalos states in his complaint that there was an improper foreclosure on the real property in Manas-sas and Great Falls, Virginia that he personally owned, which he had personally pledged to assure performance of the contract between his company and the Bureau of Prisons. He states that the property has been taken and that its value of over $4 million is several times the government’s claim for non-performance. He thus asserted claims for a Fifth Amendment taking, illegal exaction, and breach of contract. The Court of Federal Claims dismissed the complaint on the pleadings, going outside of the pleadings and into an undeveloped record to reach disputed facts, upon which my colleagues hold that Kalos cannot obtain judicial attention sufficient to explore the irrational consequences of his failed contract.
The Court of Federal Claims, in its dismissal, took judicial notice of information outside of the record, such as statements in briefs filed in a bankruptcy proceeding, to contradict the allegations in Kalos’s complaint. For example, Kalos stated in his complaint that he authorized a lien of $154,000 on his Virginia property, but the Court of Federal Claims found, by footnote, that liens of $400,000 and $700,000 were placed against these properties. Kalos v. United States, 87 Fed.Cl. 230, 232 n. 3 (2009). Greenwich provided two bonds, a performance bond and a payment bond. After Brickwood defaulted, Greenwich paid the full amount of the contract ($769,-998), and the settlement agreement between the Bureau of Prisons and Greenwich stated that the payment is “in full satisfaction of [Greenwich’s] obligations pursuant to the performance bond.” The settlement agreement, however, left the payment bond in “full force and effect.” See Amended Compl. ¶¶ 51-55.
Nothing in the records clarifies whether any claim has been made under the payment bond. Nonetheless, there was a foreclosure on Kalos’s property that secured both bonds, which is alleged to be worth more than $4 million and is encumbered by Greenwich’s liens for $1.1 million. With liens for more than the full amount of the government contract, and property value exceeding the liens, the total loss of the property, if accurately reported, warrants at least minimal judicial attention.
Kalos alleges there has been a double recovery. Certainly if Greenwich only paid under the performance bond for $769,998, it should not have recovered the total amount of the liens or the total value of the property. The government remains silent. While the trial court criticized Ka-los for “fail[ing] to supply supporting affidavits or correspondence” with the com *133 plaint, on a motion for dismissal on the pleadings, the facts as pleaded are accepted, and summary dismissal, leaving no recourse when injury is apparent, is not the favored process.
The government contends that it has “suffered no loss on the bond” and attempts to remove itself from this dispute. The government, however, required these bonds to secure the government contract. Moreover, surety undertakings for bonds on government contracts are three-way contracts that include the government. Of course, it is possible that the factual assertions in the complaint are inaccurate. However, the Court of Federal Claims left no opportunity for Kalos — the entity who states that he suffered adverse consequences — to sort out these events.
A claim against the United States arising from a government contract and its consequences is properly brought in the Court of Federal Claims, whether viewed as arising under the Contract Disputes Act or the Fifth Amendment. Kalos is entitled to judicial attention sufficient to resolve the facts that are material to his claim.